■ SHOLOM DRIZIN, Appellant, v HENRY MOSKOWITZ, Respondent. [642 NYS2d 686] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered March 14, 1995, which, insofar as appealed from, denied plaintiff's motion for summary judgment, and granted defendant's cross motion for summary judgment to the extent of dismissing the complaint insofar as it seeks damages and declaring that the Loan Agreement between defendant as lender and plaintiff as borrower and the related security agreement are valid and enforceable, unanimously affirmed, with costs.

As neither of the alternative conditions to the parties' Sale Agreement was satisfied, the Sale Agreement on which plaintiff sues became null and void, and, under the Loan Agreement on which defendant counterclaims, the money that defendant gave plaintiff became a loan rather than an advance on the purchase price stipulated in the Sale Agreement. Contrary to plaintiff's contention, nothing in the Loan Agreement required defendant to make any additional advances on plaintiff's behalf on account of the bank loan to the joint venture or any of plaintiff's other cash call obligations to the joint venture. Under the Joint Venture Agreement, the money advanced by defendant on account of plaintiff's call obligations was to be deemed a loan, and the portion of the Loan Agreement relied on by plaintiff simply made those advances, and any others defendant might make on account of plaintiff's venture obligations, repayable at the time the Sale Agreement was to either close or become null and void. Plaintiff has failed to raise any issues as to defendant's noncompliance with any of his obligations under the parties' various agreements, and plaintiff's conclusory and unsupported allegations of fraud and conspiracy do not raise a triable issue of fact. Concur—Sullivan, J. P., Rosenberger, Ellerin and Mazzarelli, JJ.